FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

**Mar 10, 2023**

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

COLUMBIA RIVERKEEPER,  )
                              )   No. 2:19-cv-00096-MKD
        Plaintiff, )
                              )   CONSENT DECREE
  v.                        )
                              )
GRANT COUNTY PUBLIC   )   ECF No. 37
UTILITY DISTRICT, et al.,   )
                              )
       Defendants. )
_____ )

CONSENT DECREE - 1

## I.  STIPULATIONS.

The parties stipulated to the following, *see* ECF No. 37-1 (parties' signed proposed Consent Decree):

Public Utility District No. 2 of Grant County, Washington, owns and operates the Wanapum Dam and the Priest Rapids Dam (collectively, the "Dams"). The Wanapum Dam is located on the Columbia River within Grant and Kittitas Counties, Washington, approximately four and a half miles south of the City of Vantage, Washington. The Priest Rapids Dam is located on the Columbia River within Grant and Yakima Counties, Washington, approximately six and a half miles south of the City of Mattawa, Washington.

Plaintiff Columbia Riverkeeper ("Riverkeeper") issued a notice of intent to sue letter dated September 19, 2018, and filed a complaint on March 26, 2019, under section 505 of the Clean Water Act ("CWA"), 33 U.S.C. § 1365, alleging that Defendants Public Utility District No. 2 of Grant County, Washington, and its Commissioners (collectively, "PUD") are violating section 301(a) of the CWA, 33 U.S.C. § 1311(a), by discharging pollutants from the Dams without National Pollutant Discharge Elimination System ("NPDES") permits. Riverkeeper's complaint seeks declaratory and injunctive relief, the imposition of civil penalties, and an award of litigation expenses, including attorney and expert fees.

The PUD filed an answer to the complaint on May 3, 2019, denying liability for violations of the CWA.

On May 2, 2019, the PUD submitted applications to the Washington State Department of Ecology ("Ecology") for NPDES permits for the Dams.

Riverkeeper and the PUD (collectively, the "Parties") entered a Stipulation and Proposed Order on June 18, 2019. ECF No. 13-1. The Stipulation and Proposed Order sought to stay this litigation to allow time for Ecology to take action on the PUD's applications for NPDES permits. *Id.* at 6. The Stipulation and Proposed Order also imposed various requirements on the PUD intended to facilitate the NPDES permitting process and to reduce water quality impacts associated with the alleged discharges of pollutants from the Dams. *Id.* at 3-6. The Court approved the Stipulation and Proposed Order on June 24, 2019, entering the Order Granting Parties' Motion to Stay and Stipulation. ECF No. 14.

Ecology issued its final NPDES permit for the Wanapum Dam on October 11, 2021, with an effective date of December 1, 2021.

Ecology issued its final NPDES permit for the Priest Rapids Dam on July 15, 2022, with an effective date of September 1, 2022.

Solely for the purposes of this Consent Decree, the Parties stipulate that the Court has jurisdiction over the Parties and the subject matter of this action under section 505(a) of the CWA, 33 U.S.C. § 1365(a).

CONSENT DECREE - 3

The Parties agree that settlement of this matter is in the best interest of the Parties and the public and that entry of this Consent Decree without additional litigation is the most appropriate means of resolving this action.

The Parties stipulate to the entry of this Consent Decree without trial, adjudication, or admission of any issues of fact or law regarding the claims and allegations set forth in Riverkeeper's notice of intent to sue and complaint.

The signatories for the Parties certify that they are authorized by the party they represent to enter into these Stipulations and Consent Decree.[1]

## II.    ORDER AND DECREE.

THIS MATTER came before the Court upon the foregoing Stipulations of the Parties and joint motion for entry of Consent Decree.  Having considered the Stipulations and the terms and conditions set forth below, the Court hereby ORDERS, ADJUDGES, and DECREES as follows:

1. The Joint Motion to Approve Consent Judgment, **ECF No. 37**, is **GRANTED**.

2. This Court has jurisdiction over the Parties and the subject matter of this action pursuant to section 505(a) of the CWA, 33 U.S.C. § 1365(a).

---

[1] The signed version of the parties' proposed consent decree is found at ECF No. 37-1.

CONSENT DECREE - 4

3. This Consent Decree shall inure to the benefit of, and be binding upon, the Parties and their successors, assigns, officials, agents, representatives, officers, directors, and employees. Changes in the organizational form or status of a party shall have no effect on the binding nature of this Consent Decree or its applicability.

4. This Consent Decree is a full and complete settlement and release of all claims alleged in Riverkeeper's notice of intent to sue letter and complaint, and all other claims known or unknown existing as of the date of entry of this Consent Decree related to discharges of pollutants made without an NPDES permit from the Dams that could be asserted under the CWA against the PUD. These claims are released and dismissed with prejudice.

5. This Consent Decree is a settlement of disputed facts and law. It is not an admission or adjudication regarding any allegations by Riverkeeper in this case or of any fact or conclusion of law related to those allegations.

6. In lieu of a penalty, the PUD shall make a payment in the amount of $195,000.00 to the Confederated Tribes and Bands of the Yakama Nation for one or more projects benefiting water quality in the Columbia River Basin, which includes the Columbia River and its tributaries, as described in Attachment A. Such payment shall be made by, within seven (7) days of the Court's entry of this Consent Decree, placing in the U.S. Mail, first-class postage prepaid, or delivering

CONSENT DECREE - 5

to a reputable courier service, delivery charges prepaid, a check payable to Confederated Tribes and Bands of the Yakama Nation, and shall bear the notation "Columbia Riverkeeper v. Grant County Public Utility District, Clean Water Act Settlement," with a copy provided to Riverkeeper at that same time.

7. The PUD shall pay Riverkeeper's attorney fees and costs in the amount of $47,000.00 in full and complete satisfaction of any claims Riverkeeper may have under the Clean Water Act for attorney fees and litigation costs and expenses. Such payment shall be made by, within seven (7) days of the Court's entry of this Consent Decree, placing in the U.S. Mail, first-class postage prepaid, or delivering to a reputable courier service, delivery charges prepaid, a check payable to "Kampmeier & Knutsen, PLLC" and addressed for delivery to Kampmeier & Knutsen, PLLC, 1300 S.E. Stark Street, Suite 202, Portland, Oregon 97214, unless the Parties agree otherwise in writing to electronic payment. Riverkeeper's above-signed counsel hereby certifies that the actual costs and fees incurred in this matter equal or exceed $47,000.00.

8. This Court retains jurisdiction over this matter and, while this Consent Decree remains in force, this case may be reopened without filing fee so that the Parties may apply to the Court for any further order or relief that may be necessary regarding compliance with this Consent Decree or to resolve any dispute regarding the terms or conditions of this Consent Decree until it is terminated. A

CONSENT DECREE - 6

precondition to any application to the Court under this paragraph is that the Parties must first seek to resolve the dispute themselves as follows: 1) the party identifying or wishing to raise an issue or dispute must provide the other party a written notice detailing the nature of the issue or dispute; and 2) within thirty (30) days of receipt of such notice, the Parties shall meet and confer regarding the issue or dispute.  If no resolution is reached at that meeting or within thirty (30) days of the written notice, whichever occurs first, either party may file a motion with this Court to resolve the dispute.  In any action to enforce this Consent Decree, the Court shall apply the same standard applied by courts in awarding fees and costs under section 505(d) of the CWA, 33 U.S.C. 1365(d).

9. This agreement shall take effect upon entry of the Consent Decree by the Court.

10. The provisions of this Consent Decree shall terminate upon compliance with the requirements in paragraphs II.6 and II.7 of this Consent Decree.

11. All notices and other communications regarding this Consent Decree shall be in writing and shall be fully given by mailing via first-class mail, postage pre-paid; by delivering the same by hand; or by sending the same via email to the following addresses, or to such other addresses as the Parties may designate by

CONSENT DECREE - 7

written notice, provided that communications that are mailed shall not be deemed to have been given until three (3) business days after mailing:

| For Riverkeeper: | For the PUD: |
|---|---|
| Columbia Riverkeeper<br>c/o Simone Anter<br>P.O. Box 950<br>Hood River, Oregon 97031<br>simone@columbiariverkeeper.org | Public Utility District No. 2 of Grant County<br>Mitch Delabarre, General Counsel / Chief Legal Officer<br>P.O. Box 878<br>Ephrata, WA 98823<br>Mdelaba@gcpud.org |
| Kampmeier & Knutsen, PLLC<br>c/o Brian A. Knutsen<br>1300 S.E. Stark Street, Suite 202<br>Portland, Oregon 97214<br>brian@kampmeierknutsen.com | Cascadia Law Group, PLLC<br>c/o Matthew A. Love<br>606 Columbia Street N.W., Suite 212<br>Olympia, Washington 98501<br>mlove@cascadialaw.com |

12. This Consent Decree constitutes the entire agreement between the Parties. There are no other or further agreements, either written or verbal. This agreement may not be modified or amended except by a writing signed by both Parties and entered by the Court.

13. Each of the Parties acknowledges that it has sought and obtained the advice of its own independent legal counsel before executing this Consent Decree. The Parties acknowledge that they have had the opportunity to freely negotiate the terms of this Consent Decree.

14. If for any reason the Court should decline to approve the proposed Consent Decree in the form presented, this Consent Decree is voidable at the discretion of either party. The Parties agree to continue negotiations in good faith

CONSENT DECREE - 8

in an attempt to cure any objection raised by the Court to entry of this Consent Decree.

15. The Parties recognize that, pursuant to 33 U.S.C. § 1365(c)(3), no consent judgment can be entered in a Clean Water Act suit in which the United States is not a party prior to forty-five (45) days following the receipt of a copy of the proposed consent judgment by the U.S. Attorney General and the Administrator of the U.S. Environmental Protection Agency ("U.S. EPA").

DATED March 10, 2023.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

CONSENT DECREE - 9

# ATTACHMENT A



**Confederated Tribes and Bands of the Yakama Nation**

Established by the Treaty of June 9, 1855

November 28, 2022

Peter McVeigh
U.S. Department of Justice
Environment and Natural Resources Division
Law and Policy Section
P.O. Box 7415
Washington, D.C. 20044-4390

Re: **Columbia Riverkeeper v. Grant County Public Utility District No. 2, E.D. Wash. No. 2:19-cv-00096-MKD**

Dear Mr. McVeigh:

This letter is to notify you that the Confederated Tribes and Bands of the Yakama Nation (Nation) has received a copy of the proposed Consent Decree between Columbia Riverkeeper and Grant County Public Utility District No. 2 (Grant PUD) in the above-captioned matter. The proposed Consent Decree requires Grant PUD to make a payment of $195,000 to the Nation for one or more projects benefiting water quality in the Columbia River Basin, which includes the Columbia River and its tributaries. The Nation makes the following commitments with respect to this payment:

- The Nation will use the funds received from Grant PUD exclusively for one or more projects to improve or protect the water quality of the Columbia River Basin in Washington.
- The Nation will not use any of the funds for political lobbying activities.
- After the Nation completes the project(s) undertaken with the funds received from Grant PUD, the Nation will send a report to the Department of Justice, the Court, Columbia Riverkeeper, and Grant PUD describing how the funds were utilized.

I hope this letter provides the information you require. If you have any questions, please feel free to contact Philip Rigdon at 509-865-5121 extension 4655 or email to phil_rigdon@yakama.com.

Sincerely,

Jeremy Takala
YAKAMA NATION TRIBAL COUNCIL

Yakama Nation, Post Office Box 151, Toppenish, WA 98948 (509) 865-5121